ALVERSON, TAYLOR, MORTENSEN & SANDERS
SEETAL TEJURA, ESQ. (#008284)
7401 W. Charleston Boulevard
Las Vegas, Nevada  89117
(702) 384-7000
efile@alversontaylor.com
stejura@alversontaylor.com
*Attorneys for Defendant*
NAPHCARE, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

>*<

| | |
|---|---|
| IMA ILIU FLORES ZELAYA, individually, and as Special Co-Administrator of the Estate of Luis Solano, and as legal guardian of LUIS JERSIAN SOLANO, JR., a minor; ELIA DELCARMEN SOLANO-PATRICIO, individually, and as Special Co-Administrator of the Estate of Luis Solano,<br><br>Plaintiffs,<br><br>vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a political subdivision of the State of Nevada; SHERIFF BILL GILLESPIE, individually and his capacity as sheriff of the Las Vegas Metropolitan Police Department; SGT DAVID ASPIAZU, individually and in his capacity; CORRECTIONS OFFICER BRADLEY TEMPLE, individually and in his capacity; CORRECTIONS OFFICER PATRICK GRAY, individually and in his capacity; CORRECTIONS OFFICER EUGENE DIXON, individually and in his official capacity; NAPHCARE, INC., an Alabama corporation; DOE OFFICERS I through X, individually, and in their official capacity; and DOES XI through XX; and ROE CORPORATIONS XXI through XXX, inclusive,<br><br>Defendants. | Case No. 2:13-cv-01181-JAD-CWH<br><br>**STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIALITY FOR DOCUMENTS PRODUCED BY DEFENDANT NAPHCARE, INC.** |

**STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIALITY FOR DOCUMENTS PRODUCED BY DEFENDANT NAPHCARE, INC.**

It is anticipated that discovery in this action may require Defendant NaphCare, Inc. (hereinafter referred to as "Naphcare") to disclose information and documents that are confidential, proprietary and sensitive, particularly because it is a private entity contracted to provide medical, dental and psychiatric care at the Clark County Detention Center. Disclosure of this information could result in harm to the business and practices of NaphCare. Although this information may be subject to conditional disclosure, NaphCare is entitled to the protections described below.

1. As used in this Protective Order, the term "confidential information" means any documents, testimony, or other information that is produced from the date of this agreement forward, including: policies and procedures which are used to govern the provision of healthcare services to the inmates at the Clark County Detention Center ("CCDC"), and internal documents used for monitoring and maintaining its business practices, including the healthcare rendered at the CCDC and has been designated as "CONFIDENTIAL".

2. The term "disclosure" shall include the dissemination, communication, publication or reproduction of any confidential material or the specific contents of the information contained therein, or the communication of any estimate or other information which facilitates the discovery of confidential information. Should any pleading with the Court require reference or attachment of any confidential information, the parties shall first request leave to file the document under seal, as further defined in Paragraph 11 below.

3. As used in this Protective Order, the term "qualified persons" means (i) counsel of record for the parties to the litigation, including office associates, paralegals, and stenographic and clerical employees to whom disclosure is reasonably necessary; (ii) experts retained for the

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

21330-ST
sao confd-naphcare

purpose of this litigation to whom disclosure is reasonably necessary and who reviewed and signed a copy of this Stipulation; (iii) parties to this action; and (iv) court personnel, including stenographic reporters engaged in such proceedings as are necessarily incident to this litigation.

4. Confidential information shall be and remain confidential, and, except as allowed by this Protective Order, may not be disclosed or communicated, nor used for any purpose other than this litigation, including any appeals.

5. Any and all documents containing confidential information must be retained by counsel, and not be disclosed or made available to any person other than a qualified person who has read and acknowledged the terms of this Protective Order. Similarly, the confidential information contained within those documents may not be disclosed to any person other than a qualified person. To the extent reasonably necessary, copies of confidential documents may be provided to experts retained for the purpose of this litigation to whom disclosure is reasonably necessary and who have signed this Stipulation and Protective Order. Nothing in this Protective Order shall in any way affect the admissibility or use at trial of any of the documents produced under this Protective Order.

6. Any person who is in possession of confidential information, or to whom confidential information is disclosed, is responsible for ensuring that such confidential information is not inadvertently disclosed by him or her. Failure to take all reasonable precautions to ensure against such inadvertent disclosure will be viewed by the Court as willful disobedience of this Protective Order, and will be punished accordingly.

7. Counsel or parties receiving confidential information may not disclose that confidential information to any expert without first furnishing to that expert a copy of this Stipulation and Protective Order and obtaining a signed copy of this Stipulation and Protective Order from that expert.

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

21330-ST
sao confd-naphcare

8. Any person who executes a copy of this Stipulation and Protective Order submits to the jurisdiction of this Court for purposes of enforcement of this Protective Order, either prior to or following trial of this action. Jurisdiction of this action is to be retained by this Court after final determination for purposes of enabling any party or persons affected by this Protective Order to apply to the Court for such direction or further decree as may be appropriate for the construction or enforcement of this Protective Order, or for such additional relief as may become appropriate.

9. If any party or persons affected by this Protective Order objects to the designation by the disclosing party, non-party, or person of a document or item, pleading, or transcript of testimony as "CONFIDENTIAL", he shall give notice of the same to the disclosing party, non-party, or person in writing of the document, pleading, and/or testimony at issue and the reason for the objection. The disclosing Defendant shall thereafter have twenty (20) business days within which to apply to the Court for appropriate protection of the document, pleading, and/or testimony pursuant to the Federal Rules of Civil Procedure. If the disclosing Defendant does not make application within twenty (20) business days after receipt of the written objection of a party (or within the stipulated time period if stipulated to be longer or shorter than twenty (20) days), then the documents, pleadings, and/or testimony at issue shall no longer be deemed "CONFIDENTIAL". However, until expiration of the twenty (20) day time period (longer or shorter if stipulated) or until the Court enters an order changing the designation, whichever is later, the information shall continue to be given the "CONFIDENTIAL" treatment initially assigned to it and provided for in this Order.

10. If any individual is making copies of any confidential information allowed by this agreement, said individual must ensure that the copies are also marked "Confidential."

11. Any person who wishes to file with this Court any document, paper, or other

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

21330-ST
sao confd-naphcare

1 tangible item disclosing confidential material may disclose only those confidential materials that
2 are necessary to support the pleading, motion or other paper to which the confidential document,
3 paper, or other tangible item is attached, and must first attempt to contact the disclosing party in
4 an attempt to reach an agreement/Stipulation regarding whether filing the document should be
5 **under seal**.  If such contact is not possible, the filing party must provide said counsel with a
6 description of the contacts attempted and/or the basis for not contacting the undersigned.  The
7 parties to this agreement understand that is a "strong presumption in favor of access." A party
8 seeking to seal a judicial record at trial and/or the dispositive motions stage bears the burden of
9 establishing "compelling reasons" by "articulating compelling reasons supported by specific
10 factual findings," that outweigh the public policies favoring disclosure.  <u>Kamakana v. City and</u>
11 <u>County of Honolulu</u>, 447 F.3d 1172, 1178-79 (9th Cir. 2006).

12.   Nothing in this Protective Order precludes the deposition examination of any person regarding confidential information of which they have knowledge.  In any such deposition, the disclosing Defendant may designate specific testimony deemed to be "CONFIDENTIAL" by advising the court reporter of such fact prior to the conclusion of the deposition.  The reporter shall mark the face of the transcript "CONTAINS CONFIDENTIAL INFORMATION."  All transcripts of said deposition containing confidential information will be treated in accordance with this Protective Order, wherein if any portions of the deposition transcript containing confidential material is to be filed with the Court, Paragraph 11 should be observed.

13.   The parties taking any deposition shall retain a court reporter who agrees that before transcribing any such testimony, that all testimony containing confidential information is and shall remain confidential and shall not be disclosed except as provided in this Protective Order and that copies of any transcript, reporter's notes, or any other transcription records of any

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

1  such testimony will be retained in absolute confidentiality and safekeeping by such shorthand

2  reporter or delivered to attorneys of record or filed with the Court under seal.

3    14.   If, during trial, any party intends to introduce into evidence any information

4  designated as "CONFIDENTIAL," he/she shall give timely notice of that intention to the Court,

5  all counsel, and any disclosing non-party or person, and the Court may take such steps as it shall

6  deem reasonably necessary to preserve the confidentiality of such information, without violating

7  any statute or other rule of the Court.

8    15.   Nothing in this Protective Order requires a party to disclose confidential

9  information that the party also contends is protected from disclosure based upon a privilege

10  (including but not limited to HIPAA rights of others) or for some reason other than the mere

11  confidential or proprietary nature of the document or information (including but not limited to

12  non-discoverable trade secrets).

13    16.   Upon the final determination of this action, counsel and all qualified persons shall

14  return any confidential information to counsel for Defendant NaphCare, upon their request,

15  together with any copies of confidential information.  Transcripts containing confidential

16  information also must be returned to the requesting Defense Counsel or the disclosing non-party

17  or person.

18  . . . .

19  . . . .

20  . . . .

21  . . . .

22  . . . .

23  . . . .

24  . . . .

21330-ST
sao confd-naphcare

17. Anyone found to be in violation of this Protective Order may have sanctions imposed against him or her as the Court may determine and allowable under law and may also be subject to contempt of court proceedings.

| | |
|---|---|
| DATED this 9th day of March, 2015. | DATED this 9th day of March, 2015. |
| ALVERSON, TAYLOR, MORTENSEN & SANDERS | CALLISTER, IMMERMAN & ASSOCIATES |
| By  /s/ Seetal Tejura, Esq.  <br>Seetal Tejura, Esq. <br>Nevada Bar No. 008284 <br>7401 W. Charleston Boulevard <br>Las Vegas, Nevada  89117 <br>*Attorneys for Defendant* <br>*NAPHCARE, INC.* | By  /s/ Mitchell S. Bisson, Esq. * <br>Matthew Q. Callister, Esq. <br>Nevada Bar No. 001396 <br>Mitchell S. Bisson, Esq. <br>Nevada Bar No. 011920 <br>823 Las Vegas Blvd. South, Fifth Floor <br>Las Vegas, Nevada 89101 <br>*Attorneys for Plaintiff ELIA DELCARMEN SOLANO-PATRICIO, individually, and as Special Co-Administrator of the Estate of Luis Solano* |
| DATED this 9th day of March, 2015. | DATED this 9th day of March, 2015. |
| MARQUIS AURBACH COFFING | SHUMWAY VAN & HANSEN |
| By   /s/ Craig Anderson, Esq. * <br>Craig Anderson, Esq. <br>Nevada Bar No. 006882 <br>10001 Park Run Drive <br>Las Vegas, NV 89145 <br>*Attorneys for Defendants,* <br>*Las Vegas Metropolitan Police Department, Sheriff Douglas Gillespie, Sgt. David Aspiazu, Corrections Officer Bradley Temple, Corrections Officer Patrick Gray, and Corrections Officer Eugene Dixon* | By   /s/ Kevin R. Hansen, Esq.  * <br>Kevin R. Hansen, Esq. <br>Nevada Bar No. 006336 <br>Travis J. Robertson, Esq. <br>Nevada Bar No. 013387 <br>5440 W. Sahara Avenue., Suite 206 <br>Las Vegas, Nevada 89146 <br>*Attorneys for Plaintiff IMA ILIU FLORES ZELAYA, individually, and as Special Co-Administrator of the Estate of Luis Solano, and as legal guardian of LUIS JERSIAN SOLANO, JR., a minor* |

*\* Electronic signatures entered with permission*

**ORDER**

IT IS SO ORDERED.

Dated this 11th day of March, 2015.

_____
UNITED STATES MAGISTRATE JUDGE CARL W. HOFFMAN

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, have read in its entirety and understand the Protective Order that was issued by the United States District Court, for the District of Nevada on _____, 201__, in the case of *Zelaya et. al. v. LVMPD et. al.*, Case No. 2:13-cv-01181-JAD-CWH. I agree to comply with and to be bound by all terms of this Protective Order and I understand and acknowledge that failure to do so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order that any person or entity except in strict compliance with the provisions of this Order. Further, I solemnly promise that I will not offer to sell, advertise or publicize that I have obtained any Protected Material subject to this Protective Order. At the conclusion of this matter, I will return all Protected Material which came into my possession to counsel for the party from whom I received the Protected Material, or I will destroy those materials. I understand that any Confidential Information contained within any summaries of Protected Material shall remain protected pursuant to the terms of this Order. I further agree to submit to the jurisdiction of the United States District Court, for the District of Nevada for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I certify under the penalty of perjury that the foregoing is true and correct.

Date: _____

City and State where signed: _____

Printed name: _____

Address: _____

Signature: _____

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

21330-ST
sao confd-naphcare